## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

**JOAN ZEITLINGER FERNANDEZ,**                    **CASE NO.:  3:19-00662-JAF**

    **Debtor,**
_____/

## MOTION TO CONTINUE, MOTION FOR EXTENSION OF TIME OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER REGARDING THE TRUSTEE'S UNILATERAL SCHEDULING OF DEPOSITIONS AND SUBPOENA RESPONSES

**COME NOW** Ellis T. Fernandez, III and Courtney Fernandez, (hereinafter referred to as "Interested Parties"), by and through the undersigned and respectfully request a continuance of Depositions scheduled for July the 16th and a response to a Subpoena scheduled for July the 9th, and as grounds in support thereof, they would submit the following:

1.    Currently, Counsel for the Trustee has unilaterally scheduled a Deposition of the Interested Parties for July the 16th, and compliance with a subpoena for July the 9th.

2.    Pending this Court's resolution of the Amended Objection to Motion for Order Extending the Deadline for Trustee to File Complaint Objecting to Debtor's Discharge and Request to Deny Same, the Interested Parties request an extension of time both to comply with the Subpoena and to reschedule the Depositions currently scheduled for July 9th and 16th, 2019, respectively.

3.      Depending on this Court's ruling, the need to respond to this Subpoena or
        appear for a Deposition could be a moot issue.

4.      Further, the undersigned, a duly licensed lawyer in Florida for over 35
        years, and the Managing Partner at his law firm, a fact known to the
        Trustee and his counsel, has depositions on a work related case he is
        handling for clients of his own in another City that have been (A) long
        standing, and (B) pre-date the Trustee's unilateral scheduling of these
        depositions, and as such, conflict with the Trustee's unilateral scheduling
        of Depositions for the 16th.

5.      As to the subpoenaed documents, the undersigned need more time in an
        effort to fully comply with the Subpoenas.

6.      Counsel for the Trustee had previously informed the undersigned that the
        materials requested in the Subpoenas would be sought informally by way
        of an e-mail identifying what materials were to be requested, and the
        undersigned agree to co-operate upon its receipt. The representation that
        an email identifying documents sought was never fulfilled.

7.      As such, the Subpoena, itself, filed on the last date to file a complaint to
        the Discharge, was the first time the undersigned was informed of what
        counsel for the Trustee would be seeking.

8.      The materials being sought are not all currently in the possession of the
        undersigned nor his Wife and require the assistance and cooperation, as
        well as the production, from entities outside of the control of the
        undersigned and involve years of documentary research.

9.      These requests are not being presented for the sole purpose of unnecessary delay but involve matters outside of the control and ability of the undersigned Interested Parties and therefore they seek the assistance of this Court in accordance of Rule 26, (c).

10.     Further, the undersigned can represent to this Court a good faith effort to seek counsel for the Trustee's consent and cooperation to the same has been sought and was requested, but the Trustee denied the undersigned all relief sought herein.

**WHEREFORE**, the Interested Parties respectfully request a continuance from both Depositions unilaterally scheduled for July the 16th, and an extension of time of at least forty-five (45) days to the respond to the Subpoena and then subsequently reschedule the Deposition of the Interested Parties at a fair and reasonable time after the production of the documents sought within the Subpoena. In the alternative, they seek an Order of protection form this Court until such time as full compliance with the Subpoena can be made to the best abilities of the Interested Parties and the rescheduling of the depositions until a mutually convenient time coordinated amongst all.

*(Certificate of Service on Following Page)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to Eugene H. Johnson, Esq., Johnson Law Firm, P.A., 100 N. Laura Street, Suite 701, Jacksonville, Florida 32202 at ehj@johnsonlawpa.com and Katheryn Hancock, Esq., The Hancock Firm, P.A., 681 Atlantic Boulevard, Atlantic Beach, Florida 32233 at kh@thehancockfirm.com by Electronic Mail, this 8th day of July, 2019.

/s/ Ellis T. Fernandez, III
**ELLIS T. FERNANDEZ, III, ESQ.**
**FERNANDEZ TRIAL LAWYERS, P.A.**
Florida Bar No.:  371556
8780-200 Perimeter Park Court
Jacksonville, Florida 32216
Phone: (904) 398-8008
Fax:  (904) 398-0332
et@fernandeztl.com